FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHERRY F., | No. 2:18-CV-00273-JTR |
| Plaintiff, | |
| | ORDER GRANTING, IN PART, |
| v. | PLAINTIFF'S MOTION FOR |
| | SUMMARY JUDGMENT AND |
| ANDREW M. SAUL, | REMANDING FOR ADDITIONAL |
| COMMISSIONER OF SOCIAL | PROCEEDINGS |
| SECURITY[1], | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Dana Chris Madsen represents Sherry F. (Plaintiff); Special Assistant United States Attorney Brett Edward Eckelberg represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disabled Adult Child (DAC) Disability Benefits on July 8, 2015, alleging disability since April 21, 2005, based on depression, anxiety, personality disorders, back problems, dyslexia, learning disability, glaucoma, retinal nerve thinning, asthma, and possible COPD. Tr. 106, 272-84. The applications were denied initially and upon reconsideration. Tr. 166-72, 178-89. Administrative Law Judge (ALJ) R.J. Payne held a hearing on February 23, 2017. Tr. 42-103. During the hearing, Plaintiff's representative withdrew the DAC claim. Tr. 46-47. On April 24, 2017, the ALJ issued a decision dismissing the DAC claim and denying the SSI claim. Tr. 21-35. Plaintiff requested review of the SSI denial from the Appeals Council. Tr. 265, 385-88. The Appeals Council denied Plaintiff's request for review of the SSI claim on June 28, 2018. Tr. 1-5. The Appeals Council additionally found the record was insufficient to demonstrate that Plaintiff understood the effects of withdrawing the DAC claim, and therefore vacated the ALJ's dismissal and issued an unfavorable decision with respect to the DAC claim. Tr. 9-11. The ALJ's April 2017 decision thus became the final decision of the Commissioner with respect to the SSI claim, and the Appeals Council's action became the final decision of the Commissioner with respect to the DAC claim, both of which are appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 27, 2018. ECF No. 1, 6.

**STATEMENT OF FACTS**

Plaintiff was born in 1985 and was 29 years old as of the filing of her application. Tr. 33. She attended school through the 11th grade before dropping out due to pregnancy; she completed her GED in 2014. Tr. 71, 499. She has a

limited work history, consisting primarily of gas station cashiering. Tr. 98-99, 326. She alleged disability based on physical and mental impairments. Tr. 301.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to

disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 24, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 8, 2015, the protected filing date. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: low back pain due to minimal degenerative changes, and asthma. *Id.* The ALJ additionally found Plaintiff's mental health impairments and early glaucoma to be non-severe. Tr. 24-29.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 29.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertional level work with the following specific limitations:

> The claimant can lift no more than 20 pounds at a time occasionally and lift or carry 10 pounds at a time frequently. She can sit 6 hours, stand 6 hours, or walk 6 hours in an 8-hour workday with normal

breaks. She can engage in occasional stooping, crouching, kneeling, crawling, balancing, and climbing ladders, ropes or scaffolds. She can have no exposure to heavy industrial-type vibration, unprotected heights, or hazardous machinery, and should avoid concentrated exposure to all pulmonary irritants.

Tr. 29.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a cashier. Tr. 33.

Despite making dispositive step four findings, the ALJ made alternative step five findings. At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing other work that existed in significant numbers in the national economy, including the jobs of production assembler, housekeeping cleaner, electronics worker, food and beverage order clerk, and charge account clerk. Tr. 34.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from July 8, 2015, the protected filing date, through the date of the ALJ's decision, April 24, 2017. Tr. 34-35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly considering and weighing medical opinion evidence.

## DISCUSSION

### 1. Medical opinion evidence

Plaintiff asserts the ALJ erred by improperly rejecting the opinion evidence from Dr. Arnold, Dr. Nestler, and Dr. Garrett. ECF No. 16 at 16-17.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

A. *Dr. Arnold*

Plaintiff underwent two psychological exams with Dr. John Arnold, one in 2015 and one in 2017. Tr. 499-504, 559-64. Each exam report included a medical source statement assessing numerous moderate, marked, or severe limitations on Plaintiff's ability to engage in mental work-related activities. Tr. 501, 561-62.

The ALJ gave no weight to either of these opinions. Tr. 28. In his discussion, the ALJ noted a number of features of Department of Social and Health Services (DSHS) evaluations in general, and noted Plaintiff did not seek psychiatric care. *Id.*

The ALJ failed to discuss Dr. Arnold's exams with any specificity, and did not clearly state why he was giving them no weight. *Id.* Defendant argues the ALJ adequately discussed the reports, pointing out that the terms used in the DSHS evaluation have different meanings from those used by Social Security, and that the findings made by other state agencies are not binding on the ALJ. ECF No. 17 at 15-17. However, regardless of the precise language used, Dr. Arnold issued two opinions finding Plaintiff to have very significant limitations on her ability to perform basic work activities. Tr. 501, 561-62. The vocational expert at the

hearing testified that such limitations would prevent an individual from being competitively employable.  Tr. 102.  While an ALJ is not required to discuss every piece of evidence, he is required to explain why "significant probative evidence has been rejected."  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ discussed only what DSHS evaluations "usually" consist of and did not provide any specific, legitimate reasons related to Dr. Arnold's exams in particular. Finally, even if the ALJ's rationale is inferred to apply to Dr. Arnold's opinions specifically, the Court finds the ALJ's assertions regarding the suspect nature of DSHS evaluations to be unsupported by any evidence in this record.

In his discussion of Dr. Arnold's opinions, the ALJ noted Plaintiff does not seek psychiatric care, and instead "simply attends disability evaluations to discuss her subjective complaints."  Tr. 28.  The ALJ failed to explain why Plaintiff's lack of treatment undermined Dr. Arnold's exams.  While an ALJ may consider an opinion's consistency with the medical evidence as a whole, the simple fact that Plaintiff does not receive mental health treatment is insufficient to reject the examining opinions, which are based on the doctor's own observations and testing.

Without any further explanation of the conclusions the ALJ drew, the nature of DSHS evaluations and Plaintiff's lack of treatment do not constitute specific and legitimate reasons for rejecting Dr. Arnold's opinions.

*B. Dr. Nestler*

Plaintiff attended a consultative exam with Dr. Nestler in October 2015.  Tr. 468-72.  Dr. Nestler found Plaintiff would not have difficulty performing most work-related functions, but found that, due to her personality disorder and history of anger management problems, she would have difficulty interacting with coworkers and the public and in managing the usual stress encountered in the workplace.  Tr. 471-72.

The ALJ gave this opinion some weight, noting Plaintiff's poor effort on exam, and that her irritable and angry affect noted by Dr. Nestler was not noted

anywhere else in the record. Tr. 27-28. The ALJ concluded that the longitudinal record failed to support any work-related limitations from a mental health standpoint. Tr. 28.

Plaintiff argues the ALJ improperly disregarded this opinion, noting that any poor effort exhibited by Plaintiff on exam would be something Dr. Nestler would have taken into consideration in formulating her opinion. ECF No. 16 at 16.

The Court finds the ALJ offered specific and legitimate reasons for assigning some weight to this opinion. The consistency of an opinion with the record as a whole is a legitimate factor for the ALJ to consider. 20 C.F.R. § 416.927(c)(4). The ALJ is correct that the remainder of the record does not reflect mental status findings consistent with Dr. Nestler's observations of anger and irritability. While the Court agrees that Plaintiff's level of effort and participation in the exam is a factor that was considered by Dr. Nestler, the ALJ offered other reasons for disregarding portions of this opinion. However, as this claim is being remanded for consideration of Dr. Arnold's opinions, the ALJ shall reassess the medical record as a whole in making a new decision.

*C. Dr. Garrett*

Plaintiff attended a consultative exam with Dr. Garrett in 2012. Tr. 392-97. Dr. Garrett found Plaintiff to be moderately impaired for maintaining regular attendance and completing a normal workday, and found she would likely have high rates of absenteeism due to low energy and motivation. Tr. 397. He also found her panic attacks would be disruptive and she would have a moderate impairment in dealing with usual workplace stress. *Id.*

The ALJ gave this opinion no significant weight, noting the opinion was given well before the alleged onset date, and finding Plaintiff's poor participation and situational distress at the time impacted the opinion. Tr. 28.

Plaintiff argues her participation in the exam and distress at the removal of her children from her care were both factors Dr. Garrett considered in forming his

opinion.  ECF No. 16 at 17.  She offers no argument in opposition to the ALJ's rationale that the opinion is of limited value, given it was offered nearly three years prior to the relevant period in the SSI claim.  Medical opinions that predate the relevant period are of limited relevance.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *Fair v. Bowen*, 885 F.2d 594, 600 (9th Cir. 1989).  The ALJ offered a specific and legitimate reason for disregarding this opinion.

## 2.    Plaintiff's subjective complaints

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints.  ECF No. 16 at 13-15.  Specifically, she alleges the ALJ improperly relied on activities of daily living that do not indicate an ability to engage in full-time work.  *Id.*

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, the ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of

those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 31. The ALJ found it "difficult to assign greater weight" to Plaintiff's subjective statements regarding disability due to lack of treatment for her supposedly disabling conditions, her allegations of new conditions at the hearing that she had never received treatment for, her failure to quit smoking despite breathing problems, varying explanations for her marijuana use, her minimal work history, and her last job ending for reasons unrelated to disability. Tr. 31.

Many of the factors cited by the ALJ are legitimate factors for an ALJ to consider in making a determination as to the reliability of a claimant's subjective reports. Unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). An ALJ may consider inconsistent statements by a claimant in assessing her credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The Ninth Circuit has found that the reasons for leaving employment and a poor work history can support a rejection of a claimant's symptom statements. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (ALJ properly relied on the fact that claimant left his job because he was laid off, rather than because he was injured, in finding the claimant's statement unreliable); *Thomas*, 278 F.3d at 959 (An ALJ's finding that the claimant had limited work history and "ha[d] shown little propensity to work in her lifetime" was a specific, clear, and convincing reason for discounting the claimant's testimony.). [2]

───────────────

[2] With respect to Plaintiff's allegations concerning her mental health symptoms, the ALJ found her allegations to be undermined by her lack of mental health treatment, the normal mental status exams throughout the record, indications of poor effort on consultative exams, evidence of an ability to read and write despite alleged dyslexia, her activities of daily living, and her daily use of

In her opening briefing, Plaintiff failed to challenge any of the ALJ's reasons other than his reliance on her daily activities.[3] ECF No. 16 at 13-15. Even if some of the ALJ's rationale does not constitute clear and convincing reasons, the ALJ offered sufficient reasons for discounting Plaintiff's subjective complaints. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson v. Comm'r. of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

_____

marijuana. Tr. 27. This rationale was presented in the portion of the opinion where the ALJ justified his assignment of great weight to the medical expert who testified at the hearing. *Id.* The Court finds the structure of this discussion to be less than ideal, and were this claim not being remanded on other bases it would be necessary to establish whether such a discussion, offered in a different context, could satisfy the requirement that the ALJ provide specific, clear, and convincing reasons for discounting the claimant's subjective statements.

[3] In her Reply Brief Plaintiff asserts for the first time that the ALJ's citations to poor effort on exam are actually evidence of Plaintiff's disability, and makes similar assertions about her work history. ECF No. 18 at 1-7. Because these arguments were not raised in the initial briefing, they will not be considered by the Court. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

However, as this claim is being remanded for further consideration of the medical evidence, the ALJ shall reassess Plaintiff's subjective complaints in the context of the reevaluated medical evidence.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand a case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reassess the medical evidence, specifically the opinions from Dr. Arnold. The ALJ shall reevaluate Plaintiff's subjective complaints, formulate a new RFC, obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

The Court notes there is an unresolved issue on Plaintiff's Disabled Adult Child claim. Plaintiff's Complaint refers to both the ALJ's decision and the "Final Order" of the Appeals Council, but lists the claims as Supplemental Security Income and Disability Insurance Benefits. ECF No. 6. Plaintiff does not have an active claim for Disability Insurance Benefits. The Complaint makes no mention of the DAC claim. While the jurisdictional and procedural sections of Plaintiff's briefing refer to the DAC claim and retain the alleged onset date of 2005, ECF No. 16 at 1-2, Plaintiff assigns no error to the Appeals Council's final action denying the DAC claim at step two. ECF No. 16 at 12. On remand, the parties shall clarify

the record with respect to whether Plaintiff intends to continue to pursue the DAC claim, or has withdrawn it as was discussed at the hearing.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 17, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE